UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| LESLIE HUNTER | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 11-316-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| LAKE CUMBERLAND REGIONAL | ) | **MEMORANDUM OPINION** |
| HOSPITAL, LLC, et al. | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

*** *** *** ***

Leslie Hunter claims that when she consulted Dr. John Husted concerning complications she had been experiencing from an earlier weight loss operation, he performed the incorrect procedure, which gave rise to further health complications requiring two additional surgeries. [R. 17 at 1-2]. In addition to claims against several other defendants, Hunter has sued Dr. Husted for medical malpractice and negligent misrepresentation seeking compensatory and punitive damages [R. 1-5]. Dr. Husted counters with the Motion that is currently before this Court, in which he argues that pursuant to Fed. R. Civ. P. 56, summary judgment is appropriate because this claim is barred under the Discharge Injunction of the Bankruptcy Code, 11 U.S.C. § 524. [R. 14]. For the reasons that follow, Defendant's Motion for Summary Judgment is granted in part and denied in part.

**I.**

Leslie Hunter claims that in the mid-1990s she received a vertical banded gastroplasty ("VBG") procedure, commonly called "stomach stapling" to lose weight. [R. 17 at 1-2]. Over time she began to develop health problems that she believed to be related to the surgery and

consulted Dr. Husted concerning those complications.  [*Id*.].  On August 14, 2009, Dr. Husted performed a duodenal switch ("DS") on Hunter, which she claims was the improper procedure. [*Id*.].  Hunter alleges that on or about October 2011 she discovered that Dr. Husted's operation not only did not address her problems, but his negligence gave rise to new complications including chronic nausea, vomiting, and diarrhea, which she claims caused such severe malnutrition and vitamin and mineral deficiencies that she required two additional corrective surgeries. [*Id*.].

On October 28, 2011 Hunter filed a complaint against Dr. Husted and several other defendants for malpractice and negligent misrepresentation.  [R.1-5].  However, in the intervening time between the August 14, 2009 surgery and the filing of the complaint, Dr. Husted filed for bankruptcy on February 10, 2011. [R. 14-1 at 1].  Though he did not originally name Hunter in his petition, he amended his bankruptcy Schedule F on November 21, 2011 to include her claim.  [R. 21 at 1].  On February 3, 2012, Dr. Husted filed this motion for summary judgment on the basis that Hunter's claim was a pre-petition debt that had been discharged in bankruptcy under 11 U.S.C.  § 727 on May 24, 2011.  [R. 14-3].

The parties met on February 23, 2012 for their Rule 26(f) conference, and the following day Hunter submitted her response to Dr. Husted's motion.  [R. 17 at 3].  In this response, Hunter argued that summary judgment was inappropriate on four grounds:  (1) the motion is premature without adequate discovery; (2) the action had not been discharged in bankruptcy because the defendant failed to list Hunter on his petition and her claim arose after discharge; (3) the claim was excepted from discharge because Dr. Husted's actions were willful and malicious; and (4) even if the claim had been discharged, Hunter could still recover under Dr. Husted's insurance.  [R. 17].  Dr. Husted's reply argues that as a matter of law Hunter's claim has been

discharged without exception, and as a factual matter he does not have any insurance for Hunter

to pursue, thus summary judgment is appropriate.  [R. 21].

## II.

Dr. Husted seeks summary judgment under FRCP 56.  Pursuant to Federal Rule of Civil

Procedure 56(c), summary judgment should be granted "if the pleadings, the discovery and

disclosure materials on file, and any affidavits show that there is no genuine issue as to any

material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(c).  "A genuine dispute exists on a material fact, and thus summary judgment is improper, if

the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'"

*Olinger v. Corporation of the President of the Church*, 521 F. Supp. 2d 577, 582 (E.D.Ky. 2007)

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).  Stated otherwise, "[t]he

mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient;

there must be evidence on which the jury could reasonably find for the plaintiff."  *Anderson*, 477

U.S. at 252.

The moving party has the initial burden of demonstrating the basis for its motion and

identifying those parts of the record that establish the absence of a genuine issue of material fact.

*Chao v. Hall Holding,* 285 F.3d 415, 424 (6th. Cir. 2002).  Moreover, the movant may satisfy its

burden by showing "that there is an absence of evidence to support the non-moving party's

case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the movant has satisfied this

burden, the non-moving party must go beyond the pleadings and come forward with specific

facts to demonstrate there is a genuine issue.  *Holding Hall*, 285 F.3d at 424 (citing *Celotex*, 477

U.S. at 324).  Moreover, "the nonmoving party must do more than show there is some

3

metaphysical doubt as to the material fact.  It must present significant probative evidence in support of its opposition to the motion for summary judgment." *Holding Hall*, 285 F.3d at 424 (internal citations omitted).

Finally, the trial court is under no duty to "search the entire record to establish that it is bereft of a genuine issue of material fact" and "the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001).  In reviewing a motion for summary judgment, the court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Browning v. Dept. of Army*, 436 F.3d 692, 695 (6th Cir. 2006) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 495 U.S. 574, 587 (1986)).

## III.

The preliminary issue that must be decided is whether Dr. Husted's summary judgment motion is premature as Hunter suggests.  It is well settled that, "summary judgment is improper if the non-movant is not afforded with sufficient opportunity for discovery." *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996) (citing *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 339, 231-32 (6th Cir. 1994)).  However, the burden is on the non-movant to inform the trial court of its need for more discovery. *Abercombie and Fitch Stores, Inc. v. American Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002).  The movant typically does this by affidavit pursuant to Rule 56(f) or a motion for additional discovery that details the discovery needed, but notice of the need for additional discovery can also be satisfied in an opposition motion.  *Id*.  In determining whether the party making a 56(f) motion has had adequate opportunity for discovery, the court considers several factors, including:  (1) when the non-movant learned of the

issue that is the subject of the desired discovery; (2) whether the desired discovery would change

the ruling; (3) how long the discovery period has lasted; (4) whether the non-movant was

dilatory in its discovery efforts; (5) whether the movant was responsive to discovery requests.

*Eastern Kentucky Cardiothoracic Surgery, P.S.C. v. Ashland Hospital Corp.*, 119 Fed.Appx.

715, 717 (6th Cir. 2004) (citing *Plott v. General Motors Corp., Packard Elec. Div*., 71 F.3d 1190,

1196-97 (6th Cir. 1995)).

Hunter's reply to Dr. Husted's motion for summary judgment is the functional equivalent

of a Rule 56(f) affidavit.  In her first argument Hunter states that the motion is premature and

that she needs more time for discovery, especially on the issues of discharge, intent to commit

the injury, and availability of insurance. [R. 17 at 8].  In support of this assertion, Hunter notes

that Dr. Husted moved for summary judgment on February 3, 2012, before the parties had met

for their Rule 26(f) Conference.  [R. 17 at 3].  She seems to state that this fact alone is dispositive

in demonstrating that she has not had an adequate opportunity for discovery on the

aforementioned issues.

While the length of discovery certainly weighs heavily in favor of Hunter, it is only one

factor in determining whether there has been an adequate opportunity for discovery under Rule

56(f).  It is possible that a motion for summary judgment filed simultaneously with an answer

could be granted at least in part.  See *Abercombie and Fitch Stores, Inc.,* 280 F.3d at 627.  As to

the other factors, there has been no argument, nor could there be, that Hunter was dilatory in her

discovery efforts, or that Dr. Husted was not responsive to her discovery requests.  In contrast,

Dr. Husted raised the disputed issues early in the proceedings and attempted to provide

documentation regarding each issue before any discovery requests had even been made.  [See R.

14 and 21].  Thus, the final factor to consider in determining whether the motion is premature is bound up in the substantive effect that added discovery would have on the ultimate disposition of the case.  On this question, each disputed issue shall be analyzed in turn.

A.

First, the parties dispute whether Hunter's malpractice claim has been discharged in bankruptcy.  Under 11 U.S.C.  § 727(b), a bankruptcy debtor obtains a general discharge from "all debts that arose before the date of the order for relief…" See also, *In re Castle*, 289 B.R. 882, 995 (Bankr.E.D.Tn. 2003).  A claim arises when, "an individual is exposed pre-petition to a product or other conduct giving rise to an injury, which underlies a 'right to payment' under the Bankruptcy Code." *Republic Bank & Trust Co. v. Hutchinson*, 44 B.R. 726, 732 (Bankr.W.D.Ky. 2011) (citing *In re Grossman's Inc.*, 607 F.3d 114, 125 (3rd Cir. 2010)), see also *In re Ybarra*, 424 F.3d 1018, 1022-23 (9th Cir. 2007) (stating, "A claim arises for the purposes of discharge in bankruptcy, at the time of the events giving rise to the claim.") (citations omitted).

In a recent case in the Western District of Kentucky, a plaintiff was exposed to "pre-petition conduct," in the form of a misfiled security document, however did not suffer any injury from that conduct until after the defendant filed for bankruptcy.  *Republic Bank & Trust Co.,* 44 B.R. at 732.  That plaintiff argued that because he did not suffer injury until after the petition was filed, his claim was not discharged.  *Id*.  The Court recognized that under 11 U.S.C § 101, a claim is a "right to payment, whether or not such right is reduced to judgment, liquidated or unliquidated, fixed, *contingent*, matured, disputed, undisputed, legal, equitable, secured or unsecured." *Id*. (emphasis in original). Contingent claims are those in which a "debt may be triggered only upon the occurrence of a future event." *Id*. (citing *In re Parks*, 281 B.R. 899, 901-02 (Bankr.E.D.Mich.2002).  The Court then concluded that the bankruptcy courts in the Sixth

Circuit have universally adopted the approach that, "a contingent right to payment in the definition of a bankruptcy claim clarifies that a right to payment that is not yet enforceable under non-bankruptcy law at the time of the bankruptcy filing may still constitute a claim that is dischargeable in the bankruptcy case." *Id*. (citing In re *Huffy Corp*., 424 B.R. 728, 301 (Bankr.S.D.Ohio 2010)).  On this rationale, the court concluded that even though the injury did not occur before the defendant filed for bankruptcy and injury was an element to the underlying state law claim, because the conduct giving rise to the injury occurred before the petition was filed, the debt had arisen before the date of the order and was properly discharged under 11 U.S.C. § 727(b).

Hunter claims that though her injury did not manifest until October of 2011, the surgery performed by Dr. Husted was the conduct that caused the damages for which she seeks relief. [R. 1-5 at 3].  All parties agree that Dr. Husted performed surgery on Hunter on August 14, 2009. [R. 21 at 2, R. 17 at 1].  The disagreement as to when the claim arose is not a question of fact, but of law.  Hunter claims that the claim arose at the time of injury, which makes hers a post-petition claim that is non-dischargeable in bankruptcy.  [R. 1-5 at 3, R. 17 at 5].  For the reasons stated above, Hunter's characterization of the law on this point is incorrect.  The time of the events giving rise to the claim and the time of the conduct giving rise to an injury is the relevant date for determining when a claim arises.  Hunter and Dr. Husted both recognized that this conduct is the August 14, 2009 surgery.  Further, Dr. Husted has provided documentation of his bankruptcy petition, demonstrating that his debts were discharged after the date of the surgery. [R. 14-2, 3]. These facts are not in dispute and no amount of discovery will change when the surgery was performed, when the debts were discharged in bankruptcy, or the state of the law.

Before leaving this point, it must be noted that Hunter also argues that Dr. Husted did not list Hunter as a creditor on his bankruptcy petition, and thus her claim should not be subject to discharge. [R. 17-4]. Dr. Husted counters that he amended the petition on November 21, 2011 to include Hunter's claim, and provides documentation of this amendment. [R. 21]. Federal Rule of Bankruptcy Procedure 1009 provides that, "A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course." Based on this rule, the Sixth Circuit has adopted a "permissive approach" that allows for amendment any time before the case is closed and denies courts the discretion to reject such amendments. *Lucius v. McLemore*, 741 F.2d 125, 127 (6th Cir. 1984). Dr. Husted amended his petition to include Hunter's claim on November 21, 2011, and his debts were not discharged in bankruptcy until May 24, 2011. [R. 21]. Therefore, because Dr. Husted amended his petition before the case was closed, the initial failure to do so does not preclude discharge of Hunter's claim in bankruptcy.

As there is no dispute of material fact, and no additional discovery would change the outcome on this issue, it may be properly decided as a matter of law that Hunter's claim was based on "pre-petition conduct," arose before the date of the order for relief, was properly included in the petition, and unless an exception can be shown, was therefore discharged. On this point, Dr. Husted's summary judgment motion was not premature and will be substantively granted.

**B.**

Hunter next argues that even if her claim arose before the bankruptcy petition and Dr. Husted properly amended his petition to include her claim, the action is excepted from discharge pursuant to 11 U.S.C. 523(a)(6). [R. 17 at 5]. Under this section a debtor may not discharge a claim that is based on a willful and malicious conduct of the debtor. As a general rule, the debt

8

arising from medical malpractice attributable to negligence or reckless conduct does not fall within the exception of 11 U.S.C. 523(a)(6).  *Kawaauhau v. Geiger*, 523 U.S. 57, 64 (1997) (wherein the United States Supreme Court stated, "We hold that debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6).").  For this exception to apply, the debtor must have done more than take a deliberate act that leads to an injury but must have "desired to cause the consequences of her act, or believed that the consequences of the act was substantially certain.  *In re Romano*, 59 Fed. Appx. 709 (6th Cir. 2003) (wherein the Sixth Circuit determined that a complaint alleging "negligence" and "malpractice" was not willful or malicious for the purposes of § 523(a)(6).  In addition, when punitive damages are shown to arise from such conduct they are also nondischargeable under §523 (a)(6).  *In re Abbo*, 168 F.3d 930, 931 (6th Cir. 1999).

In her complaint, Hunter alleges that Dr. Husted was negligent and grossly negligent in commission of activity that amounts to medical malpractice and misrepresentation. [R. 1-5 at 4-5].   However, she does not stop at mere negligence.  Her complaint also alleges that Dr. Husted's conduct was sufficiently "willful or wanton" such as to warrant punitive damages.  [R. 1-5 at 7].  Though Dr. Husted denies that he intentionally caused this harm, as to this issue the parties still have a factual dispute.  Moreover, if willful and malicious harm could be shown, the debt becomes nondischargeable, affecting the outcome of the case.  In this circumstance, additional discovery would be beneficial to Hunter's case that Dr. Husted willfully caused her injuries.  Thus, Dr. Husted's summary judgment motion is premature and, as to this point, will be denied.

**C.**

9

Finally, Hunter argues that even if Husted appropriately discharged her claim, that does not impede her from proceeding against him in name to establish a right to recover under Husted's liability insurance coverage. [R. 17 at 6].  Section 524(e) states that, "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."  Thus, discharge of the principal debtor generally will not discharge the liabilities of contractually responsible insurance companies.  *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1449 (6th Cir. 1993), *In re Morris*, 430 B.R. 824, 828 (Bankr.W.D.Tn. 2010) (stating, "The 'fresh start' policy [contemplated by Chapter 7 of the Bankruptcy Code was] not intended to provide a method by which an insurer can escape its obligations based simply on the financial misfortunes of the insured.").

Hunter is correct that Dr. Husted's discharge of her claim does not prohibit her for pursuing an action against Dr. Husted to recover against his insurance company.  However, Dr. Husted has stated that he does not have any insurance from which to collect and has submitted an affidavit to that effect.  [R. 14-1 at 2, 14-4].  If this were true, there would be no issue of material fact, and judgment as a matter of law could be made in favor of Dr. Husted on this point.  However, as Hunter states, Dr. Husted is no expert on insurance. [R. 17 at 3-4].  Though he might be honestly testifying to his belief that he is not covered by insurance, further investigation by Hunter through discovery could possibly demonstrate otherwise.  This is a circumstance where additional discovery could be helpful to Hunter and might change the outcome of the action.  Therefore, Hunter's motion to dismiss on the issue of insurance is premature and will be dismissed

## VI.

In summary, Dr. Husted's motion for summary judgment is granted in part and denied in

10

part.  Though the motion was made before the Rule 26(f) conference, Dr. Husted provided a

substantial amount of documentation along with his motion.  From this evidence, as well as the

statements in the pleadings, judgment may be made as a matter of law that Hunter's claim did

arise before the filing of the petition of bankruptcy and, unless there is an exception, was

properly discharged in bankruptcy.  As no additional discovery would be helpful on this point,

Dr. Husted's motion on this issue was not premature and will be granted.  However, more

discovery is necessary as to whether Dr. Husted caused the injury willfully and maliciously  and

whether he has insurance from which Hunter could collect.  On these issues, Dr. Husted's motion

for summary judgment is premature and will be denied.  According to the amended scheduling

order [R. 40] the parties have until January 15, 2013 to complete discovery.  The original

scheduling order allows the parties until April 15, 2013 to file all dispositive motions.  Hunter

may continue to pursue discovery on the issues of willfulness and maliciousness as well as

insurance, and Dr. Husted is permitted to raise his motion afresh before the dispositive motion

deadline but after adequate time for discovery has taken place.

     For the aforementioned reasons, it is hereby **ORDERED** as follows:

     1.     As to whether the Plaintiff's claim arose before the filing of his bankruptcy

petition and was thus subject to discharge for that reason, Defendant's Motion for Summary

Judgment [R. 14] is **GRANTED**;

     2.     As to the willful and malicious nature of his conduct and the availability of

insurance, Defendant's Motion for Summary Judgment [R. 14] is **DENIED WITHOUT**

**PREJUDICE**.

This, the 28th of September, 2012.



Signed By:

*Gregory F. Van Tatenhove*

**United States District Judge**