UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| LESLIE HUNTER,<br>    Plaintiff,<br><br>V.<br><br>LAKE CUMBERLAND REGIONAL HOSPITAL, LLC, et al.,<br>    Defendants. | CIVIL ACTION NO. 6:11-316-KKC<br><br>OPINION & ORDER |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant John Husted's Renewed Motion for Summary Judgment. (DE 77). Husted moves this Court to enter summary judgment on the grounds that any claim against him by Plaintiff Leslie Hunter has been discharged through bankruptcy and must be dismissed pursuant to 11 U.S.C. § 524. For the following reasons, the defendant's motion will be granted.[1]

Leslie Hunter brings suit against Husted and several other defendants for medical malpractice and negligent misrepresentation arising from a surgery performed on August 14, 2009. In the intervening time between Hunter's surgery and the filing of this action on October 28, 2011, Husted filed for bankruptcy (February 10, 2011) and discharged his debt (May 24, 2011). He claims that because Hunter's suit arises from a pre-petition claim it has been discharged during his bankruptcy, and she is therefore enjoined from bringing this action under 11 U.S.C. § 524.

---

[1] The Court notes that the Hunter filed an amended complaint on October 21, 2013 where she asserted additional claims against Husted. (DE 101). The Court finds no reason that these additional claims would be analyzed differently that in the original complaint.

Previously, the Court ruled on Husted's motion for summary judgment, granting the motion in part but denying his requested relief on the grounds that more discovery is necessary to resolve two crucial issues. (DE 43). In the prior motion for summary judgment, Husted raised two arguments in favor of dismissal. First, he argued that summary judgment was appropriate due to the fact that Hunter's pre-petition claim was discharged during bankruptcy. Second, he argued that even if her claim could nominally proceed against him so as to allow collection against his insurer, there is no insurance coverage from which she would be entitled to recover..

Hunter responded with four reasons as to why summary judgment was inappropriate. First, she claimed that summary judgment was premature without adequate discovery. Second, she claimed that her action had not been discharged in bankruptcy because the defendant failed to list her on the petition and her claim arose after the discharge. Third, she claimed that her action was excepted from discharge under 11 U.S.C. § 523(a)(6) because Husted's conduct was willful and malicious. Fourth, she claimed that even if her action had been discharged, she was entitled to proceed nominally against Husted and collect from his insurer.

In its prior order issued on September 28, 2012, the Court made a number of findings crucial to the present motion. With regard to Husted's argument that Hunter's claim was discharged during bankruptcy because it arose prior to his petition and was correctly listed on Schedule F of his amended complaint, the Court granted the motion and found Hunter's claim subject to discharge. But the Court declined to rule on whether Hunter's claim is excepted from discharge as a claim arising out of willful and malicious conduct, instead reserving ruling on that issue until more discovery could be obtained. Similarly, the Court declined to rule on whether Hunter could nominally proceed against Husted so as to collect

from his insurer, again on the grounds that more discovery was necessary to determine whether or not insurance coverage exists from which Hunter could recover.

Husted now brings the present motion for summary judgment in which he renews his prior arguments. He moves this Court to grant summary judgment on the grounds that Hunter's claim was is not excepted from the bankruptcy discharge and no insurance coverage exists that would justify proceeding against him as a nominal defendant.

## I.

The first issue on summary judgment is whether Hunter's claim has been discharged from Husted's bankruptcy action. Previously, this Court found that because the conduct giving rise to Hunter's claim occurred prior to Husted's bankruptcy, the claim is pre-petition debt subject to discharge. Hunter, however, contests the dischargeability of her claim because she believes it falls under the exception to discharge found at 11 U.S.C. § 523(a)(6). This provision excepts from discharge claims based on willful and malicious conduct of the debtor.

Under § 523(a)(6), debts arising from "willful and malicious injury by the debtor to another entity or the property of another entity" are not subject to discharge. But unlike other exceptions to discharge listed in § 523(a), the willful-and-malicious exception is subject to certain procedural constrains. Significantly, this exception is not self-executing. Section 523(c)(1) requires that any creditor requesting a § 523(a)(6) exception seek a determination from the bankruptcy court that their claim be excepted. The provision states that "the debtor shall be discharged from a debt of a kind specific in paragraph . . . (6) of subsection (a) of this section, unless, *on request of the creditor to whom such debt is owed*, and after and a hearing, the court determines such debt to be excepted from discharge

under paragraph . . . (6), as the case may be, of subsection (a) of this section." 11 U.S.C. § 523(c)(1) (emphasis added).

Proceedings to determine the dischargeability of a debt are subject to several interrelated procedural rules. *See In re Lojoi*, 288 B.R. 511, 513–514 (Bankr. E.D. Tenn. 2002). Rule 4007 of the Federal Rules of Bankruptcy Procedure states that "[a] debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt." Fed. R. Bankr. P. 4007(a). This rule then goes on to detail specific time limitations for filing such complaints. *See* Fed. R. Bankr. P. 4007(b)–(c). "Rule 4007 is designed to provide the procedure to obtain a determination of dischargeability . . . of a specific debt which may be nondischargeable under any of the exceptions from the protective provisions of the general discharge pursuant to Code § 523." Fed. R. Bankr. P. 4007, Editors' Comment. Moreover, "a proceeding to determine the dischargeability of a debt" is considered an "adversary proceeding," and must be brought pursuant to Rule 3 of the Federal Rules of Civil Procedure—by filing a complaint with the court. *See* Fed. R. Bankr. P. 7001(6); Fed. R. Bankr. P. 7003; Fed. R. Civ. P. 3. *See also In re Lojoi*, 288 B.R. at 514.

Thus, in reading § 523(c)(1) in conjunction with these applicable procedural rules, it is clear the creditor—Ms. Hunter in this case—must file a complaint to determine whether her claim qualifies for the willful-and-malicious exception to discharge under § 523(a)(6). In other words, whether or not this exception applies to the plaintiff's claim is not for this Court to decide. This Court, therefore, will not analyze whether her claim meets the requirements for the willful-and-malicious exception or whether any filing to make such a determination would be timely. She must proceed with any claim under §§ 523(a)(6) and 523(c)(1) by filing a complaint in the proper court—and in accordance with the relevant procedural rules—if she seeks such a determination.

4

Having previously found that Hunter's claim against Husted is subject to the general discharge of the bankruptcy proceeding, and having no evidence on the record indicating that the claim has been excepted from the discharge, this Court must abide by the injunction found in 11 U.S.C. § 524, which states that a discharge "operates as an injunction against the commencement or continuation of an action[.]" 11 U.S.C. § 524(a)(2). Pursuant to this provision, "any creditor holding a discharged prepetition claim may not attempt to hold the debtor personally liable for that claim." *In re Patterson*, 297 B.R. 110, 112 (Bankr. E.D. Tenn. 2003). Accordingly, this Court must dismiss this action unless Hunter can point to a basis on which she can otherwise proceed.

**II.**

Even if Husted has been personally discharged from Hunter's claim, a remaining issue is whether Hunter may proceed against Husted nominally so as to collect any proceeds from an applicable insurance policy. As Husted concedes, a plaintiff may proceed against a debtor nominally despite discharge in order to enforce a judgment against the debtor's insurer. *See* 11 U.S.C. § 524(e) (stating that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt"); *In re Morris*, 430 B.R. 824, 828 (Bankr. W.D. Tenn. 2010) (explaining that "the 'fresh start' policy [contemplated by Chapter 7 of the Bankruptcy Code was] not intended to provide a method by which an insurer can escape its obligations based simply on the financial misfortunes of the insured"). If, therefore, Husted is covered by an insurance policy from which Hunter would be entitled to collect, she can proceed in this case against Husted as a nominal defendant. The question for the instant motion, however, is whether any such insurance exists.

In her response memorandum, Hunter concedes that discovery has not produced evidence of any insurance policy that would cover her claim. (DE 78, at 6–7). She requested that the Court deny the defendant's motion, however, on the grounds that discovery on this issue was not—at the time—complete. According to Hunter, the deadline for discovery was November 1, 2013, and the defendant's motion was filed in June. This deadline, of course, has come and passed, but Hunter has made no indication to this Court that any insurance policy has been found that would justify her proceeding with this suit against Husted as a nominal defendant. Thus, on this issue there is no genuine dispute over a material fact, and the Court finds no reason to allow this suit to continue against Husted, even nominally.

* * *

Hunter's claim against Husted is a pre-petition debt that has been discharged through bankruptcy proceedings. Even if the claim were suitable for exception under the willful-and malicious-conduct provision found in § 523(a)(6), Hunter has not followed the procedures necessary under § 523(c)(1) for such a claim to be excepted from discharge. Nor has Hunter demonstrated that insurance coverage exists which would permit her to recover proceeds of a judgment against Husted, thereby allowing her to continue the action against Husted as a nominal defendant. Accordingly, **IT IS ORDERED** that the defendant's motion for summary judgment (DE 77) is **GRANTED** and the claims against Husted are **DISMISSED**.

Dated this 17th day of March, 2014.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY